IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

FOUNDATION OF HUMAN
UNDERSTANDING,

Civ. No. 1:20-cv-01652-AA

                    Plaintiff,

**OPINION & ORDER**

        v.

TALK RADIO NETWORK, INC.,

                    Defendant.
_____

AIKEN, District Judge

This comes before the Court on a "Motion for Amended Order for Entry of Final Judgment" filed by Defendant Talk Radio Network ("TRN"), in which TRN seeks the entry of judgment for the claims disposed of by the Court's recent Opinion and Order on cross-motions for partial summary judgment, ECF No. 105 (the "December 23 O&O"). ECF No. 108. The Court heard oral argument on the motion on February 23, 2023. For the reasons set forth below, the motion is GRANTED in part and DENIED in part.

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise,

any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

"It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in multiple claims action is ready for appeal." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). Before entering judgment pursuant to Rule 54(b), the court must have rendered a "final judgment," i.e., "an ultimate dispositions of an individual claim entered in the course of a multiple claims action." *Wood v. GCC Bend*, 422 F.3d 873, 878 (9th Cir. 2005) (internal quotation marks and citation omitted). The court then "determine[s] whether there is any just reason" to delay appeal. *Id.* In making this determination, the court considers the interests of sound judicial administration and the equities involved in the case. *Curtiss-Wright*, 446 U.S. at 8. The principle of sound judicial administration requires the court to consider "whether the claims under review [are] separable," legally and factually, and whether granting the Rule 54(b) request might result in multiple appellate decisions or duplicate proceedings on the same issues. *Id.* The court considers "judicial concerns," like avoiding "piecemeal appeals" in a case that "should be reviewed only as [a] single unit[ ]," and "equitable factors such as prejudice and delay." *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009) (internal quotation marks and citation omitted). Court should consider whether the claims are "sufficiently divisible from the other claims such that the case would not inevitably

come back to [the Court of Appeals] on the same set of facts." *Jewel v. NSA*, 810 F.3d 622, 628 (9th Cir. 2015). "This inquiry does not require the issues raised on appeal to be completely distinct from the rest of the action, so long as resolving the claims would streamline the ensuing litigation." *Id.* (internal quotation marks and citation omitted). Courts embrace a "pragmatic approach focusing on severability and efficient judicial administration." *Wood*, 422 F.3d at 880 (internal quotation marks and citation omitted). Claims may have "overlapping facts" and still be "separate for purposes of Rule 54(b)." *Id.* at 881. However, "sound judicial administration does not require that Rule 54(b) requests be granted routinely." *Curtiss-Wright*, 446 U.S. at 10.

In undertaking the equitable analysis, district courts are "encourage[d]" but not required to "make factual findings and to explain their reasons for certifying." *Jewel*, 810 F.3d at 628. Courts "focus on traditional equitable principles such as prejudice and delay." *Gregorian v. Izvestia*, 871 F.2d 1515, 1519 (9th Cir. 1989). For example, courts may consider whether the timing of the entry of judgment "would inflict severe financial harm" on either side. *Wood*, 422 F.3d at 878 n.2.

This analysis is undertaken with the understanding that certification under Rule 54(b) is generally disfavored and "must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Morrison-Knudsen, Inc. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981). Entry of judgment under Rule 54(b) "is not routine"

in ordinary cases and "should not become so." *Wood*, 422 F.3d at 879; *see also Gausvik v. Perez*, 392 F.3d 1006, 1009 n.2 (9th Cir. 2004) ("Rule 54(b) should be used sparingly."). The Ninth Circuit has also cautioned that it "cannot afford the luxury of reviewing the same set of facts in a routine case more than once without a seriously important reason." *Wood*, 422 F.3d at 882.

## DISCUSSION

The facts of this case are set forth at length in the December 23 O&O and will not be reproduced here except as necessary.

The Second Amended Complaint ("SAC") in this case brings claims (i) for judgment against TRN on a promissory note (Claim 1); (ii) for judgment against TRN on a line of credit (Claim 2); (iii) for TRN's unpaid rent on the Central Point Properties (Claim 3); (iv) for declaratory relief concerning ownership of the Central Point Properties (Claim 4); (v) for ownership of the Central Point Properties through adverse possession (Claim 5); (vi) for declaratory relief concerning control of Plaintiff Foundation of Human Understanding ("FHU") (Claim 6); and (vii) for injunctive relief against TRN's CEO Mark Masters in the form of a vexatious litigant order (Claim 7).

The parties filed cross motions for partial summary judgment, in which FHU sought summary judgment on Claims 4, 5, and 6 and TRN sought (1) dismissal of Claim 1 on the basis of timeliness; (2) declaratory relief concerning its own claim to ownership of the Central Point Properties; and (3) a declaration that the FHU Board is not legitimate because Mark Masters is the Successor Founder of FHU.

The Court resolved the cross motions in the December 23 O&O, in which it granted summary judgment in favor of FHU on Claims 4, 5, and 6 and denied TRN's motion entirely.

Despite the fact that the December 23 O&O was not, on its face, a final order or judgment, TRN filed a notice of appeal on January 17, 2023.  ECF No. 106.  TRN belatedly filed the present motion seeking entry of a partial judgment on January 31, 2023.  ECF No. 108.  On February 2, 2023, FHU filed a Response to TRN's Motion, indicating that FHU was not opposed to the entry of a partial judgment, but argued that such a judgment should be restricted to the Court's rulings on Claims 4, 5, and 6.

On February 8, 2023, the Ninth Circuit entered an order to show cause why the appeal should not be dismissed for lack of jurisdiction, noting that the order challenged in the appeal did not appear to be final or appealable.  Dkt. No. 4, *Foundation of Human Understanding v. Talk Radio Network*, Ninth Circuit Case No. 23-35043.  On the same day, this Court set a hearing on TRN's motion for February 23, 2023.  ECF No. 111.

At the hearing, TRN reiterated its request for entry of judgment to allow its appeal to proceed and requested that all other aspects of the case be stayed pending the resolution of that appeal.  TRN argued that there was a risk of an inconsistent ruling and the potential for wasteful litigation in the interim, depending on the outcome of the appeal.  FHU indicated that it was in favor of a partial judgment on Claims 4, 5, and 6, but was opposed to any stay of the remaining claims.

TRN's request for a stay is denied.  The Court notes that TRN's concerns about potentially wasteful litigation and the risk of contrary rulings are the one of the reasons why piecemeal appeals are generally disfavored and, in fact, weigh against the granting of TRN's motion.  As the Court pointed out at the hearing, the fact that these appeals are disfavored also weighs heavily in the Court's consideration.

However, the Court also notes that Claims 4, 5, and 6 are latecomers to this case, which originally only presented claims to collect debts allegedly owed by TRN to FHU.  Claims 4, 5, and 6 present issues concerning corporate control of FHU and the ownership of the Central Point Properties which are factually and legally distinct from the debt collection actions contained in Claims 1, 2, and 3 and the vexatious litigant issue raised by Claim 7.  Claims 4, 5, and 6 are, therefore, separable from the remaining claims and might be pursued on appeal without unduly complicating litigation of the remaining claims.  Indeed, at the hearing FHU indicated that it will be prepared to file a motion for summary judgment on Claims 1, 2, 3, and 7 in the near future.

Turning to the issues of prejudice and delay, both parties have indicated that they would prefer to proceed with the immediate appeal of Claims 4, 5, and 6 in order to seek a final resolution of those claims sooner rather than later.  The Court notes that there is a stipulated preliminary injunction in this case prohibiting TRN and Mark Masters from holding themselves out as the owners of the Central Point Properties or from claiming any entitlement to control of FHU, ECF No. 64, but the

Court is also cognizant of the long history of litigation across multiple state and federal courts concerning Mark Masters claims to control of FHU.

Weighed in the balance, the Court concludes that a partial final judgment is warranted in this case and that there is no just reason for delay. The Court will grant final judgment as to Claims 4, 5, and 6. The Court declines, however, to issue a judgment on the issue of whether Claim 1 is timely, as the December 23 O&O only disposed of a defense to Claim 1, without resolving the merits of the claim itself.

## CONCLUSION

Defendant TRN's Motion for Amended Order for Entry of Final Judgment, ECF No. 108, is GRANTED in part and DENIED in part. The Court shall enter final judgment in favor of Plaintiff FHU on Claims 4, 5, and 6 of the Second Amended Complaint on the terms set forth in the December 23 O&O. The Court declines to enter final judgment as to any other claim or defense.

It is so ORDERED and DATED this ____24th____ day of February 2023.


     /s/Ann Aiken_____
ANN AIKEN
U.S. District Judge